IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEIL H. HEUER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:17-cv-00147-TSC |
| ) | |
| SMITHSONIAN INSTITUTION, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO AMEND**

Plaintiff, through undersigned counsel, hereby files this Reply to Defendants' Opposition to Plaintiff's Motion to Amend, and states the following:

**I.      Standard of Review**

Defendants oppose Plaintiff's Motion to Amend ("Motion") (ECF #24) because, in their view, the amendment would be futile. The standard for assessing whether an amendment to a complaint would be futile is "whether it would survive a motion to dismiss, not whether Plaintiff could obtain complete relief without it." *Virtue v. Int'l Broth. of Teamsters Ret. & Family Prot. Plan*, 893 F. Supp. 2d 46, 49 (D.D.C. 2012) (emphasis removed). As set forth herein, Plaintiff's Amended Complaint (ECF #24-2) would survive a motion to dismiss.

**II.     This Court should defer ruling on this Motion.**

*Jeffries v. Volume Services America,* Civil No. 18-7139 (D.C. Cir.) (argued February 21, 2019) presents an issue identical to the one before this Court: Whether a plaintiff that was presented a receipt by the merchant containing more than the last five digits of their credit card number has Article III standing to bring a claim for damages under the *Fair and Accurate Credit Transactions Act*, 15 U.S.C. § 1681c(g)(1) ("receipt provision" or "FACTA")? The District of Columbia Circuit

1

("D.C. Circuit") recently heard oral argument in *Jeffries*, and its ruling will control the standing issue in this case. In the interest of judicial economy, and in order to avoid a procedural quagmire, this Court should reserve ruling on the instant Motion until an opinion is issued in *Jeffries*.

### III. Because Plaintiff had to undertake additional steps to safeguard and destroy the untruncated receipt, he suffered a concrete harm sufficient to establish Article III standing.

Forcing Mr. Heuer to safeguard and destroy the untruncated receipt is a concrete harm in and of itself.[1] Because Defendants wholly failed to fulfill their duty of properly truncating Mr. Heuer's credit card information, Mr. Heuer had to take additional steps to ensure the safety and privacy of his information. Specifically, Mr. Heuer proposes to allege in his Amended Complaint that he had to safeguard the receipt in his wallet and destroy it in a paper shredder. ECF #24-2 at ¶ 33-4. The additional burden of safeguarding and destroying the receipt, when FACTA places that burden directly on the merchant, imposes additional burdens on consumers constituting concrete harm. In *Muransky v. Godiva Chocolatier, Inc.*, the Eleventh Circuit examined an identical issue: Whether the additional obligation of having to safeguard and destroy an untruncated receipt is an injury conferring Article III standing on a plaintiff under the receipt provision? 905 F.3d 1200 (11th Cir. 2018). In answering that question affirmatively, the Eleventh Circuit stated: "When merchants breach their truncation duty, customers like Dr. Muransky must use their time (and wallet space) to safely dispose of or keep the untruncated receipt so as to avoid

---

[1] Plaintiff additionally argued in his original papers that he had standing because the receipt provision violation increased the risk of harm, has a close relationship with common law privacy torts, and Congress elevated the receipt provision violation to a concrete injury to protect against the identified harm in disclosing personal financial information. ECF# 14 at 21-32. Plaintiff still believes these arguments are sufficient to withstand the original Motion to Dismiss, and Plaintiff expressly incorporates these arguments herein by reference. *See Muransky*, 905 F.3d at 1208 ("To determine whether a statutory violation results in a concrete injury, we consider both 'history and the judgment of Congress.' More specifically, we look to whether the intangible harm that results from the statutory violation bears a 'close relationship' to harms that have 'traditionally been regarded as providing a basis for a lawsuit in English or American courts.' And we consider the judgment of Congress because it 'is well positioned to identify intangible harms that meet minimum Article III requirements.'") (internal citations omitted). For this reason, this paper only addresses the new allegations and responds to the Opposition.

someone finding their credit card number on their receipt. This Court has held that this type of time wasting constitutes an injury in fact." *Muransky,* 905 F.3d at 1211 (citations omitted). Mr. Heuer's proposed Amended Complaint (ECF# 24-2) seeks to add such an allegation: He had to safeguard and destroy the untruncated receipt, and so, under *Muransky*, his harm is sufficient to establish Article III standing.

Defendants reject the proposition set forth in *Muransky* and claim that the Eleventh Circuit's holding is irreconcilable with *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016). The two cases, however, are not contradictory of one another. Both cases agree that bare statutory violations without harm are insufficient to establish Article III standing and both cases resulted in Federal Appellate Courts determining that neither of the alleged violations were bare statutory violations. In *Spokeo*, the Supreme Court did not categorically find that violations of procedural statutory requirements were insufficient to confer Article III standing. Rather, it acknowledged, that in some instances, "the violation of a procedural right granted by statute can be sufficient . . . to constitute injury in fact." *Id.* at 1549. Upon remand, the Ninth Circuit Court of Appeals held that the defendant's disclosure of inaccurate information on its website about the plaintiff did, in fact, constitute a concrete injury. *Robins v. Spokeo, Inc*., 867 F.3d 1108 (9th Cir. 2017). Similarly, in *Muransky*, when the defendant failed to properly truncate the receipt, the plaintiff had the burden himself in safeguarding and destroying the improper receipt, and thus the Court determined that the consumer suffered a concrete injury. *Id.*

In this case, Plaintiff proposes to allege more than a mere statutory violation (even though such an allegation would be sufficient)—he proposes to allege that he took affirmative measures to safeguard and destroy the untruncated receipt, and was further burdened by Defendants' receipt provision violation. While this may be a *relatively* minor additional harm, Defendants

acknowledge that "relatively minor harms can suffice to establish standing." (ECF# 27, Def. Opp. at 4). Under either *Muranksy* or *Spokeo*, Plaintiff alleged a concrete harm from Defendants' receipt provision violation.

Next, Defendants maintain that the additional steps Mr. Heuer took to safeguard and destroy the untruncated receipt was a voluntary measure. They argue that, since the first six digits of a credit card number only identify the credit card issuer, there was no increased risk of identity theft. ECF# 27 at 3. Defendants are unquestionably unqualified to offer such an opinion without expert testimony. In fact, in mandating that vendors may not display anything more than the last five digits of a consumer's credit card, Congress determined that displaying *any* digit, other than the last five, creates a greater risk of identity theft. Furthermore, the *Muransky* Court rejected a similar contention in stating: "Just because Congress did not also prohibit printing the issuing bank's name does not mean we can infer Congress did not consider printing the first six digits to be risky." *Muransky,* 905 F.3d at 1213. "Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016). Because Congress included a damages provision for willfully produced untruncated receipts, "[w]e can infer . . . that Congress conceived of the harm as happening when the merchant provides a customer with an untruncated receipt." *Muransky,* 905 F.3d 1210. Therefore, Defendants argument that their FACTA violation is inconsequential, is without merit.

## CONCLUSION

For the reasons set forth herein, Plaintiff asks the Court to defer ruling on the instant motion until the D.C. Circuit issues its opinion in *Jeffries,* or in the alternative, grant Plaintiff's Motion to Amend Complaint.

Respectfully submitted this 8th day of March, 2019.

                                                         /s/ Russell D. Duncan
Russell D. Duncan
USDC-DC Bar ID # 366888
Shulman, Rogers, Gandal, Pordy & Ecker, P.A.
12505 Park Potomac Avenue; 6th Floor
Potomac, MD 20854
(301) 230-5200
rduncan@shulmanrogers.com

Cory L. Zajdel
Z LAW, LLC
2345 York Road, Suite #B-13
Timonium, Maryland 21093
(443) 213-1977
clz@zlawmaryland.com

*Attorneys for Plaintiff Neil H. Heuer*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of March, 2019, I caused a copy of this pleading to be served through the Court's electronic system on all parties of record.

                                                                       /s/  Russell D. Duncan  
                                                                       Russell D. Duncan