IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NEIL H. HEUER, *et al.*,  )<br>   )<br>   Plaintiffs,  )<br>   )<br>   v.  )<br>   )<br>SMITHSONIAN INSTITUTION, *et al.*,  )<br>   )<br>   Defendants.  )<br>   ) | Case No. 1:17-cv-00147-TSC |

**NOTICE OF SUPPLEMENTAL AUTHORITY IN**
**OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**

Named Plaintiff Neil H. Heuer ("Plaintiff" or "Mr. Heuer"), on behalf of himself and all other similarly situated persons, by counsel, submits this Notice of Supplemental Authority to alert the Court of the Supreme Court's recent decision in *TransUnion LLC v. Ramirez*, No. 20-297, 2021 WL 2599472, --- S. Ct. --- (June 25, 2021). *TransUnion LLC* is relevant and supports Mr. Heuer's Opposition to the Motion by Defendants Smithsonian Institution ("Smithsonian") and United States of America ("USA") (collectively "Defendants") to dismiss Mr. Heuer's Amended Complaint for lack of subject-matter jurisdiction under the authority of Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure (the "Motion"; ECF No. 35).

Mr. Heuer brought this civil action in response to the Smithsonian's unlawful electronic printing of a receipt containing more information about Mr. Heuer's credit card than is permitted by the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. §§ 1681, *et seq*. Defendants argued that this case must be dismissed for lack of subject-matter jurisdiction because Mr. Heuer's Amended Complaint fails to show that he has standing to bring this suit within the meaning of Article III of the U.S. Constitution because Mr. Heuer fails to allege facts plausibly establishing that he has

suffered a legally cognizable injury-in-fact. Relying on *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), Mr. Heuer explained in his Opposition to the Motion that his claim for the FCRA violation was analogous to the common-law claim for invasion of privacy, which has been recognized by the common-law courts in this country for well over a century. The United States Supreme Court recently revisited the issue of standing under Article III of the U.S. Constitution for a violation of the FCRA in *TransUnion LLC*, 2021 WL 2599472. The United States Supreme Court stated that Article III "does not require an exact duplicate in American history and tradition." *Id.* at *8. For this reason, the United States Supreme Court held that the harm caused by disclosure to a third party that a consumer was a "potential terrorist" was closely related to the harm made actionable by the tort of defamation. But since the disclosure was never published to another person, the mere statement that the person was a "potential terrorist" was not tied closely enough to the harm required for a common law defamation claim.

      Here, Mr. Heuer alleged that not only did Defendants print the electronic receipt, but that at least two other people saw Mr. Heuer's receipt and the information printed that was not allowed to be disclosed under the FCRA. ECF #34 at 29-30. For this reason, Mr. Heuer submits *TransUnion LLC v. Ramirez* as supplemental authority in further support of his Opposition to the Motion.

Respectfully submitted,

**SHULMAN, ROGERS, GANDAL PORDY & ECKER, P.A.**

Dated: July 14, 2021

/s/ Glenn C. Etelson
Glenn C. Etelson, Esq. (DC Bar ID #426246)
Allison Baker Shealy, Esq. (DC Bar ID #478202)
12505 Park Potomac Avenue, Sixth Floor
Potomac, MD 20854-6803
Telephone: (301) 230-5200
E-mail:  getelson@shulmanrogers.com
             ashealy@shulmanrogers.com

– and –

**Z LAW, LLC**

/s/ Cory L. Zajdel
Cory L. Zajdel, Esq. (admitted *pro hac vice*)
2345 York Road, Suite #B-13
Timonium, MD 21093
Telephone: (443) 213-1977
E-mail: clz@zlawmaryland.com

*Counsel for Plaintiff Neil H. Heuer and All Proposed Class Plaintiffs*