UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NEIL H. HEUER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-cv-0147 (TSC) |
| ) | |
| SMITHSONIAN INSTITUTION, et al. ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants respond as follows to Plaintiff's notice of supplemental authority, bringing to the Court's attention the recent Supreme Court decision in *TransUnion, LLC v. Ramirez*, No. 20-297, 2021 U.S. LEXIS 3401 (June 25, 2021). Contrary to the argument set forth in Plaintiff's notice, *TransUnion* further supports Defendants' position that Plaintiff lacks standing to assert a claim for an alleged violation of the receipt provision under the Fair Credit Reporting Act ("FCRA").

In analyzing whether standing existed for a claim for damages under the FCRA,[1] the *TransUnion* Court found "persuasive" the contention that, "in a suit for damages, the mere risk of future harm, standing alone, cannot qualify as a concrete harm—at least unless the exposure to the risk of future harm itself causes a *separate* concrete harm," *id.* at *31-32, "such as an emotional injury." *Id*. at *34.   Here, Plaintiff does not allege that he suffered any actual harm as a result of

---

[1] As established in Defendants' motion, Plaintiff has pled only a claim for damages based on an alleged past violation of FCRA's receipt provision and not any continuing violation that could support a claim for injunctive relief.   (ECF No. 35, Def. Mem. at ECF Page 29) Nevertheless, the analysis in *TransUnion* also establishes a lack of standing for any claim for injunctive relief.

the single alleged violation from April 2015 that is at issue, which occurred over six years ago. Nor has he alleged that the exposure to the risk of future harm itself caused him a separate concrete harm, such as emotional injury. *TransUnion* holds that the mere risk of harm asserted here is insufficient. *Id*. Apart from that "fundamental" deficiency, as in *TransUnion* Plaintiff here also failed to "factually establish a sufficient risk of future harm to support Article III standing," *id*., as established more fully in Defendants' motion. (ECF No. 35, Def. Mem. at ECF Page 24)

As regards Plaintiff's assertion in his notice that "two people" allegedly saw the receipt (ECF No. 38 at 2), those individuals allegedly were Smithsonian employees (Am. Compl. ¶¶ 28-31) and, as *TransUnion* makes clear, an "intra-company disclosure[]" does not constitute a publication to a third party as would be necessary for Plaintiff to analogize to the tort of defamation under a standing analysis. *Trans Union,* 2021 U.S. LEXIS 3401 at *30 n.6; see also ECF No. 37, Def. Reply at ECF Page 11 n.4.

                                                Respectfully submitted,

                                                CHANNING D. PHILLIPS, D.C. Bar #415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By: /s/ Jeremy S. Simon
JEREMY S. SIMON
D.C. Bar # 447956
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
Tel: (202) 252-2528
Jeremy.Simon@usdoj.gov

Counsel for Defendants